**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-00670-GCM**

| | | |
|---|---|---|
| **DANIEL PARKS** | ) | |
| **CITIES4LIFE, INC.** | | |
| **PATRICK COURTNEY,** | | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **MARK FOWLER** | ) | |
| **CITY OF CHARLOTTE** | | |
| **JENNIFER ROBERTS** | | |
| **MARCUS D. JONES** | | |
| **CITY OF CHARLOTTE DEPARTMENT** | | |
| **OF HOUSING AND NEIGHBORHOOD** | | |
| **SERVICES** | | |
| **KIMBERLY T SAUER** | | |
| **CITY OF CHARLOTTE DIVISION OF** | | |
| **CODE ENFORCEMENT** | | |
| **DOES** | | |
| **BEN KRISE** | | |
| **MANDY EDWARDS,** | | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER COMES** before this Court on Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. No. 41) and Defendants' Motion to Dismiss and for Judgment on the Pleadings (Doc. No. 35). The Court has read the briefs, and this matter is now ripe for disposition.

Plaintiffs moved to file a Second Amended Complaint under Federal Rule of Civil Procedure 15. Rule 15(a)(2) states: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). Under Fourth Circuit law, a court should only deny a proposed amendment when it is prejudicial to another party, due to bad faith of the moving party,

1

or if the amendment is futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (citations and internal quotation marks omitted).

Here, Plaintiffs moved this Court to file a Second Amended Complaint alleging several new causes of action. These causes of action arise from alleged patterns of conduct that are similar to the conduct alleged in the Amended Complaint. Defendants partially oppose this Motion to Amend on the basis that several of the causes of action would be futile.

The Court will allow the Plaintiffs to file the Second Amended Complaint. The Court finds that judicial economy favors allowing the amendment. In the Fourth Circuit, futility analysis is similar to the analysis performed under a Rule 12(b)(6) motion in that futility asks if the proposed amendment fails to state a claim. *See Katyle v. Penn Nat'l. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) ("Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards.") (citations omitted). Here, Defendants ask this Court to engage in futility analysis to deny Plaintiffs' Motion. Plaintiffs argue that if the Court denied the amendment, Plaintiffs would be required to file a separate lawsuit and seek consolidation of the actions.

The Court agrees with Plaintiffs. Judicial economy and the interests of justice require the Court, in this instance, to allow all claims to be brought under one complaint: the Second Amended Complaint. Once all claims are properly before the Court, the Court will consider the arguments made by Defendants in any timely filed motion under Rule 12. This approach prevents duplicative analysis and allows for the efficient administration of the matter. Thus, the Court **GRANTS** Plaintiffs' Motion for Leave to File a Second Amended Complaint. (Doc. No. 41).

Defendants' filed a Motion to Dismiss and for Judgment on the Pleadings (Doc. No. 35) in this matter. That Motion dealt with the claims as raised in the Amended Complaint. Because the

Court granted Plaintiffs' Motion for Leave to Amend, Defendants' Motion is now moot as written. Therefore, the Court **DENIES** Defendants' Motion as moot. Defendants are free to refile a motion to dismiss or motion for judgment on the pleadings relating to the Second Amended Complaint if Defendants so choose.

## CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Plaintiffs' Motion for Leave to file a Second Amended Complaint (Doc. No. 41) and **DENIES AS MOOT** Defendants' Motion to Dismiss and for Judgment on the Pleadings (Doc. No. 35).

**SO ORDERED**.

Signed: April 16, 2019

Graham C. Mullen
United States District Judge